IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE PROPLESCH        *
908 Harmony Avenue
Arnold, MD 21012        *

    Plaintiff        *

    vs.        *
                                                                                                     No.:
UNITED OF OMAHA LIFE INSURANCE COMPANY    *
3300 Mutual of Omaha Plaza
Omaha, NE 68175        *

Serve:        *
Alfred Redmer, Jr.
Insurance Commissioner for the State of Maryland        *
200 St. Paul Place
Suite 2700        *
Baltimore, MD 21202
       *
    Defendant
*   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Now comes the Plaintiff, Catherine Proplesch, by and through her attorney, Keith R. Siskind, Esquire and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by the Defendant to the Boeing Intelligence and Analytics with an effective

1

date of January 1, 2017, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq. (The Plan).

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Catherine Proplesch, is an individual, a citizen of the State of Maryland, residing at 908 Harmony Avenue, Arnold, MD 21012.

6. That the Defendant, United of Omaha Life Insurance Company, entered into a contract of insurance with Boeing Intelligence and Analytics to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff was employed as a Software Engineer for Boeing Intelligence and Analytics where she was hired on August 20, 2012.

8. That the Plaintiff's last day of work was July 19, 2018. The Plaintiff ceased working at that time to undergo a third surgical procedure on her lumbar spine due to spinal stenosis. The Plaintiff's diagnoses include but are not limited to lumbar degenerative disk disease, post laminectomy syndrome, chronic pain and failed back syndrome with chronic L5 radiculopathy with foot drop. The Plaintiff is unable to work in any capacity due to her pain and functional limitations.

9. That the Plaintiff was approved for short term disability benefits and transitioned to long term disability benefits as of October 26, 2018.

10. That in a letter dated September 16, 2019 the Defendant denied long term disability benefits to the Plaintiff beyond September 9, 2019. **See Exhibit 1.**

11. That the Plaintiff, on her own behalf, filed an administrative appeal on November 1, 2019. **See Exhibit 2.**

12. That on February 11, 2020 the Defendant upheld its original decision to deny long term disability benefits beyond September 9, 2019. **See Exhibit 3.**

13. That the aforesaid decision represented a final decision exhausting the Plaintiff's administrative remedies.

14. That at issue in this case is the policy language of the Defendant's plan. Pursuant to the plan the definition of disability is as follows:

> *Disability and Disabled mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:*
> *a)   during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
> *b)   after the Elimination Period, You are:*
> *1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
> *2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.*
>
> *After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.*
>
> *Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.*

Further, pursuant to the plan the term regular occupation is defined as follows:

> *Regular Occupation means the occupation You are routinely performing when Your Disability begins. Your regular occupation is not limited to Your specific*

*position held with the Policyholder, but will instead be considered to be a similar position or activity based on job descriptions included in the most current edition of the U.S. Department of Labor Dictionary of Occupational Titles (DOT). We have the right to substitute or replace the DOT with another service or other information that We determine to be of comparable purpose, with or without notice. To determine Your regular occupation, We will look at Your occupation as it is normally performed in the national economy, instead of how work tasks are performed for a specific employer, at a specific location, or in a specific area or region.*

15. That since benefits were denied during the own occupation period then at issue is whether or not the Plaintiff is "prevented from performing at least one of the material duties of your regular occupation on a part time or full time basis..."

### *Count I*

16. The Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1-15 as fully and completely as if set forth herein.

17. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought... by a participant or a beneficiary... B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

18. That the Plaintiff contends that she is disabled and unable to perform at least one of the material duties of her regular occupation on a part time or full time basis. In particular, Plaintiff continues to experience severe pain in her lumbar spine, right leg and hip. The Plaintiff has difficulty walking and standing and uses a cane for assistance. The Plaintiff has fallen multiple times and is a fall risk. There is evidence from an MRI of February 14, 2019 revealing post surgical changes to the lumbar spine. There is also medical evidence revealing worsening pain with decreased movement of the right leg. Due to her pain the Plaintiff has difficulty sitting and is on

4

multiple medications.

19. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

20. That the Plaintiff contends that the Administrative Record contains substantial evidence to document the Plaintiff's disability and that the Defendant has ignored reliable evidence submitted by the Plaintiff. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing at least one of the material duties of her regular occupation on a part time or full time basis. The Plaintiff further contends that she has submitted satisfactory proof of her disability and any restrictions and limitations preventing Plaintiff from performing her regular occupation as required by the plan.

21. That the Plaintiff contends that the Defendant's decision to deny benefits was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

22. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

23. That pursuant to the plan Plaintiff is eligible for 60% of her pre-disability earnings in representing a monthly benefit of $ 8,759.50, subject to an offset for Social Security Disability benefits. The Plaintiff has applied for Social Security Disability benefits and her claim is pending.

24. That benefits are currently due from September 9, 2019 through April 9, 2020, a period of 7 months in the amount of $ 61,317.13. Benefits continue at the rate of $ 8,759.59 per month through the maximum duration of the plan which is age 67.

25. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a.    That this Court order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff pursuant the plan, said benefits beginning September 9, 2019;

    b.    Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing, including prejudgment interest;

    c.    That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132 including pre-judgment interest;

    d.    For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

*/s/ Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415